UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WORLDWIDE AIRCRAFT SERVICES,
INC., d/b/a JET I.C.U.

    Plaintiffs,

vs.

CASE NO.:

DIVISION:

CIGNA HEALTH AND LIFE
INSURANCE COMPANY

    Defendants.
_____/

## COMPLAINT

### STATEMENT OF THE CASE

1. This is an action for damages, equitable relief, and attorney fees and costs under the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. § 1001, et seq., specifically 29 U.S.C. § 1132(a)(1)(b).

### JURISDICTION AND VENUE

2. This Court has jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1337, as well as 29 U.S.C. § 1132(e).

3. Venue is proper in this district, pursuant to 28 U.S.C. § 1391(b) and (c), as well as 29 U.S.C. § 1132(e)(2), because this district is where the breach took place, defendant does business and the defendant resides or may be found.

## PARTIES AND GENERAL ALLEGATIONS

4. At all times relevant hereto the Plaintiff, WORLDWIDE AIRCRAFT SERVICES INC. d/b/a/ JET I.C.U. (hereinafter "Jet I.C.U."), was and continues to be a duly authorized provider, both domestically and internationally, of medical air transport services.

5. L.W. was covered under an Employee Welfare Benefit Plan that included health insurance benefits (hereinafter "THE PLAN").

6. At all times relevant hereto L.W. was a participant in and a beneficiary of THE PLAN, and health insurance premiums required under THE PLAN had been fully paid or otherwise satisfied.

7. At all times relevant hereto Defendant, CIGNA HEALTH AND LIFE INSURANCE COMPANY (hereinafter "CIGNA"), was the plan "administrator" of THE PLAN, and a "fiduciary" as those terms are defined by 29 U.S.C. §§ 1002 (16) and (21).

8. L.W. had suffered a medical emergency while abroad and had to contract for the services of Jet I.C.U. to medically transport L.W. from Grand Turk to the closest hospital in the United States of America, Ft. Lauderdale, Florida.

9. Pursuant to the above contract, L.W. had assigned Jet I.C.U. as her designated representative, thereby permitting Jet I.C.U. to bill all insurance companies or benefit plans from which L.W. may be entitled to benefit for any medical air and/or ground transportation provided for L.W.

10. At all times relevant hereto the business practices of CIGNA created a conflict of interest between its fiduciary duties to Plaintiff and its interest in maximizing profits.

11. At all times relevant hereto THE PLAN provided for payment of health benefits and insurance, including air medical transport services, under the terms of THE PLAN.

12. CIGNA made the final decision to deny benefits under THE PLAN.

13. Plaintiff and L.W. has filed, or caused to be filed, proofs of claim and performed all other conditions precedent to recovering benefits under THE PLAN for the loss or losses herein claimed and has exhausted all appropriate administrative remedies prior to filing this action or further pre-suit remedies would be futile.

## COUNT ONE
### Action to Recover Plan Benefits
### Pursuant to 29 U.S.C. § 1132(a)(1)(B)
### Against CIGNA

14. Plaintiff realleges and re-avers paragraphs 1 through 13 of the Complaint, incorporating them by reference herein as if specifically restated.

15. Defendant, CIGNA, failed and refused to pay Plaintiff sums due pursuant to the terms of THE PLAN.

16. Plaintiff is entitled to recover attorney's fees and costs of litigation as authorized by 29 U.S.C. § 1132(g).

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an order granting relief from Defendant for benefits due under THE PLAN, together with costs of litigation and attorney's fees and pre-judgment interest.

### COUNT TWO
### Action to Clarify Right to Receive Plan Benefits
### Pursuant to 29 U.S.C. § 1132(a)(1)(B)
### Against CIGNA

17. Plaintiff realleges and re-avers paragraphs 1 through 13 of the Complaint, incorporating them by reference herein as if specifically restated.

18. Plaintiff is entitled to benefits under THE PLAN.

19. Defendant, CIGNA, denied that Plaintiff is entitled to benefits under THE PLAN.

20. Plaintiff is entitled to recover attorney's fees and costs as authorized by 29 U.S.C. § 1132(g).

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an order granting relief from Defendant for benefits due under THE PLAN, pursuant to 29 U.S.C. § 1132(a)(1)(B) and award attorney's fees and costs of litigation pursuant to 29 U.S.C. § 1132(g).

DATED this 18 day of February 2022.

                                 s/Paul S. Kimsey
                                 PAUL S. KIMSEY
                                 Bar No.: 988472
                                 Attorney for Plaintiff
                                 KIMSEY LAW FIRM, P.A.
                                 4012 Gunn Hwy., Suite 140
                                 Tampa, FL 33618
                                 Telephone: (813) 549-1001

Fax: (813) 265-1752
E-mail: pkimsey@kimseylaw.com